DANIEL BARICHELLO, Plaintiff-Appellant, v. ANGELO CAMPAGNA *et al.*, Defendants-Appellees.

First District (2nd Division)   No. 1—94—4122

Opinion filed November 14, 1995.

Edwin F. Mandel Legal Aid Clinic, of Chicago (Mark J. Heyrman and Daniel Fernandez, of counsel), for appellant.

James E. Ryan, Attorney General, of Chicago (Barbara A. Preiner, Solicitor General, and Arleene C. Anderson and Steven R. Splitt, Assistant Attorneys General, of counsel), for appellees.

JUSTICE DiVITO delivered the opinion of the court:

Plaintiff Daniel Barichello, a person previously found to be unfit for trial for murder, filed a petition for writ of *habeas corpus* after the Department of Mental Health and Developmental Disabilities (the Department) failed to regularly initiate recommitment proceedings against him. The circuit court denied the petition. For the following reasons, the judgment of the circuit court is affirmed.

On September 29, 1983, plaintiff was found unfit to stand trial on

charges of murder and was committed to the custody of the Department pursuant to section 104—17 of the Code of Criminal Procedure of 1963 (the Code of Criminal Procedure) (Ill. Rev. Stat. 1983, ch. 38, par. 104—17 (now 725 ILCS 5/104—17 (West 1992))). On February 28, 1985, after a discharge hearing pursuant to section 104—25 of the Code of Criminal Procedure (Ill. Rev. Stat. 1983, ch. 38, par. 104—25 (now 725 ILCS 5/104—25 (West 1992))), the circuit court determined that the evidence did not fail to prove beyond a reasonable doubt that plaintiff committed the charged offense. The court therefore remanded plaintiff to the custody of the Department for extended treatment under section 104—25(d) of the Code of Criminal Procedure (Ill. Rev. Stat. 1983, ch. 38, par. 104—25(d) (now 725 ILCS 5/104—25(d) (West 1992))). On June 30, 1989, at the expiration of the extended treatment period, the circuit court committed plaintiff to the custody of the Elgin Mental Health Center under section 104—25(g)(2) of the Code of Criminal Procedure (Ill. Rev. Stat. 1989, ch. 38, par. 104—25(g)(2) (now 725 ILCS 5/104—25(g)(2) (West 1992))). To commit under section 104—25(g)(2), a court must find that a criminal defendant constitutes a serious threat to the public safety or is subject to involuntary admission under standards set forth in the Mental Health and Developmental Disabilities Code (the Mental Health Code) (Ill. Rev. Stat. 1989, ch. 91$^1$/2, par. 5—100 et seq. (now 405 ILCS 5/1—100 et seq. (West 1992))).

After June 30, 1989, the Department did not file a petition to recommit plaintiff, and plaintiff did not receive a recommitment hearing. On June 21, 1994, plaintiff filed a petition for writ of habeas corpus. On October 5, 1994, the circuit court denied the petition and granted defendants leave to file a commitment petition instanter.

## I

■ Plaintiff contends that he is entitled to release because he did not receive recommitment hearings every 180 days as mandated by section 3—813(a) of the Mental Health Code (405 ILCS 5/3—813(a) (West 1992)) and section 104—25(g)(2) of the Code of Criminal Procedure (725 ILCS 5/104—25(g)(2) (West 1992)). A criminal defendant committed under section 104—25(g)(2) "shall be treated in the same manner as a civilly committed patient for all purposes, except that the original court having jurisdiction over the defendant shall be required to approve any conditional release or discharge of the defendant." (725 ILCS 5/104—25(g)(2) (West 1992).) Under the Mental Health Code, civilly committed patients must be recommitted every 180 days. (405 ILCS 5/3—813(a) (West 1992).) If no petition for recommitment is filed before the expiration of the 180-day period, the patient shall be discharged. 405 ILCS 5/3—813(a) (West 1992).

Defendants Angelo Campagna, director of the Elgin Mental Health Center, and Lynn Handy, Director of the Department, assert that plaintiff was periodically evaluated to determine his need for continued commitment and the circuit court was notified of the examination results through letters dated March 10, 1992; September 17, 1992; January 5, 1993; June 15, 1993; December 9, 1993; and June 16, 1994. The December 9, 1993, letter from Campagna stated that plaintiff was granted an evaluation equivalent to that accorded to civilly committed patients, plaintiff was determined to be subject to continued involuntary admission, and the Elgin Mental Health Center staff would testify concerning the report if the circuit court held a hearing on plaintiff's need for continued commitment. As previously noted, however, the circuit court did not hold a hearing on plaintiff's commitment status after June 30, 1989.

■ A person deemed unfit for trial who is committed pursuant to section 104—25(g)(2) of the Code of Criminal Procedure is entitled to a timely recommitment hearing every 180 days. (*Yiadom v. Kiley* (1990), 204 Ill. App. 3d 418, 431, 562 N.E.2d 310.) While the Department evaluated plaintiff's mental fitness approximately every 180 days and notified the circuit court of the results, its failure to file recommitment petitions and instigate recommitment proceedings was erroneous. The Department is required to file a new petition with the circuit court every 180 days.

However, the remedy for such an error as applied to a criminal defendant is not release. Circuit court approval is required before a criminal defendant deemed unfit for trial can be released. (725 ILCS 5/104—25(g)(2) (West 1992).) In *Yiadom*, the court acknowledged that a defendant who did not receive a timely recommitment hearing could not be discharged without the criminal court's approval. (*Yiadom*, 204 Ill. App. 3d at 431.) Similarly, in *People v. Lavold* (1994), 262 Ill. App. 3d 984, 635 N.E.2d 919, *appeal denied* (1994), 157 Ill. 2d 513, 642 N.E.2d 1293, the court stated that the failure to hold a timely hearing under section 104—25(g)(2) does not require a defendant's release. *Lavold*, 262 Ill. App. 3d at 991.

Plaintiff is entitled to a recommitment hearing, and the circuit court properly granted defendants leave to file a commitment petition *instanter*.

## II

■ Plaintiff contends that he is entitled to release because the Department's failure to initiate recommitment proceedings violated his due process rights under the fourteenth amendment of the United States Constitution. Plaintiff argues that he was not afforded the

protections of civil commitment required for criminal defendants under *Jackson v. Indiana* (1972), 406 U.S. 715, 32 L. Ed. 2d 435, 92 S. Ct. 1845. In that case, Jackson, a mentally retarded man, was subject to indefinite commitment with the Indiana Department of Mental Health after being found unfit to stand trial on charges of robbery. Jackson was committed solely on account of his incompetency to stand trial and did not receive an independent commitment hearing. (*Jackson*, 406 U.S. at 731, 32 L. Ed. 2d at 447, 92 S. Ct. at 1854.) The Supreme Court ruled that Indiana was required to institute involuntary civil commitment proceedings within a reasonable period of time or release Jackson. (*Jackson*, 406 U.S. at 738, 32 L. Ed. 2d at 451, 92 S. Ct. at 1858.) *Jackson* does not control the instant case because, following the expiration of an extended treatment period, the circuit court held a separate commitment proceeding, in compliance with section 104—25(g)(2), before committing plaintiff.

To evaluate if plaintiff's due process rights were violated, we apply the test enunciated in *Mathews v. Eldridge* (1976), 424 U.S. 319, 47 L. Ed. 2d 18, 96 S. Ct. 893. In weighing due process claims, courts are to consider the private interest at stake, the government interest involved, and the risk that the private interest will suffer an erroneous deprivation. (*Mathews*, 424 U.S. at 335, 47 L. Ed. 2d at 33, 96 S. Ct. at 903.) The private interest at stake in the instant case is plaintiff's liberty, and that interest is substantial. (*Foucha v. Lousiana* (1992), 504 U.S. 71, 78-79, 118 L. Ed. 2d 437, 447, 112 S. Ct. 1780, 1784-85.) The government has a general interest in detaining persons who have committed criminal acts and are in need of clinical treatment. Despite the Department's failure to initiate commitment proceedings, the risk that plaintiff's liberty interest would have been deprived was slim. The Department did evaluate plaintiff approximately every 180 days to determine if he was in need of continued commitment; the evaluations were the same as those accorded to civilly committed patients; and the Department notified the circuit court about the results of each evaluation. Considering the three *Mathews* factors together, the Department's failure to institute commitment proceedings did not constitute a violation of plaintiff's due process rights.

### III

■ Plaintiff also contends that the Department's failure to initiate recommitment proceedings violated his right to equal protection under the fourteenth amendment of the United States Constitution. Plaintiff, however, did not raise this argument before the circuit court. Points not argued before the circuit court are deemed waived and may not be raised for the first time on appeal. (*In re Marriage of*

*Rodriguez* (1989), 131 Ill. 2d 273, 279, 545 N.E.2d 731.) Plaintiff's petition for writ of *habeas corpus* and motion for summary judgment alleged a due process violation but did not raise an equal protection argument. As a result, the equal protection issue has been waived for purposes of appeal.

Although the Department erred in failing to initiate recommitment proceedings every 180 days, the appropriate remedy is not release. The judgment of the circuit court is affirmed.

Affirmed.

SCARIANO, P.J., and HARTMAN, J., concur.